UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Beatrice Munyenyezi,
    Petitioner

    v.                                    Case No. 16-cv-402-SM
                                          Opinion No. 2017 DNH 171

United States of America,
    Respondent

**O R D E R**

Petitioner, Beatrice Munyenyezi, seeks relief from her
conviction and sentence under the provisions of 28 U.S.C.
§ 2255.  Petitioner was convicted by a jury of unlawfully
procuring citizenship or naturalization (18 U.S.C. §§ (a) and
(b)).

Petitioner says her appointed defense counsel provided
constitutionally deficient representation; that prosecutorial
misconduct occurred in that the government failed to disclose
exculpatory evidence prior to trial and that she is entitled to
sentence relief under Johnson v. United States, 135 S. Ct. 2551
(2015).  None of her claims have merit.

<u>Ineffective Assistance</u>

Defense counsel, as noted by the court of Appeals on direct appeal, provided a thorough, zealous and informed defense. <u>See United States v. Munyenyezi</u>, 781 F.3d 532 (1st Cir. 2015). They poured over records; reviewed the history of Rwanda's genocide; researched the aftermath and current posture of the Rwandan government toward those who perpetrated atrocities during the months of genocide; traveled to Rwanda twice to identify and interview potential defense witnesses and arranged their travel to testify in the United States; retained an academic expert to support a defense of Rwandan governmental manipulation of the prosecution's witnesses; and presented witnesses and vigorous argument in support of defenses ranging from complete innocence to mistakes in translation with respect to the pertinent documents.

Nevertheless, says petitioner, counsel should have moved for a change of venue. But venue was proper in this district, and such motion would not have been granted. While petitioner thinks that pretrial publicity counseled in favor of a change in venue, the jury panel voir dire and individual juror voir dire at side bar disclosed no basis to conclude that the empaneled

jury was influenced by any negative publicity.  Certainly

petitioner has not shown that prejudice existed against her that

was so great that she could not obtain a fair trial.  <u>United</u>

<u>States v. Dougar</u>, 748 F.2d 8, 29 (1st Cir. 1984).  <u>United States</u>

<u>v. Gullion</u>, 575, F.2d 26, 28 (1st Cir. 1978).  What publicity

occurred before and during the trial was generally factual, non-

hysterical, not overblown, nor so pervasive and biased as to

raise any concerns regarding the ability to empanel a fair and

impartial jury, and the jury was fair and impartial.  It was

well within defense counsel's discretion not to seek a change in

venue.  It was hardly error not to do so.  And, failure to seek

a venue change did not prejudice respondent in any way.


   Next petitioner claims that counsel did not adequately

prepare for trial.  The record completely belies the claim.

Counsel went well beyond the call of duty in providing an

exceptional defense effort in this case.  Petitioner points to

nothing left undone that would have made any material difference

in the outcome, and nothing that would remotely qualify as

deficient performance, or that might have been materially

prejudicial.  There are no perfect trials of course; to obtain

relief on grounds of ineffective assistance petitioner must do

more than second guess counsel's performance, she must show that their performance was so deficient that they were not functioning as the counsel guaranteed by the Sixth Amendment <u>and</u> that the deficient performance prejudiced her defense. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Petitioner cannot begin to make such a showing on this record.

Petitioner asserts that counsel should have renewed objections previously made to questions related to petitioner's sister's relationship with the alleged head of the Rwandan secret police. Again, petitioner can show no prejudice — counsel did object, and the jury understood the point (facts assumed in questions are not in evidence and the question itself is not evidence of the assumed fact). The jury was repeatedly instructed on the point and fully understood it. Even if additional objections were called for, there was no prejudicial effect given those instructions and the jury's clear comprehension, as well as the fact that the evidence of petitioner's guilt was overwhelming — the outcome would hardly have been different had counsel interposed an additional identical objection to the government's questions.

Finally, petitioner criticizes counsels' handling of the sentencing phase of trial. There can be no legitimate complaint. Counsel argued vigorously and as effectively as the record evidence and prevailing circumstances would permit. Counsel challenged the proposed departure from the facially applicable Guideline Sentencing Range, argued for leniency in light of respondent's new life and family responsibilities, reiterated defense themes related to mitigation, including argument about the lack of certainty in the verdict as to the nature of the misrepresentations underlying the counts of conviction.

Counsel's representation was not only not deficient, it was commendable. See <u>Munyenyezi</u>, <u>supra</u>.

The sentence was not unreasonable for the reasons fully discussed on the record at sentencing. <u>Id</u>.

<u>The Johnson Claim</u>

The holding in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) does not apply to this case. Petitioner was not

sentenced under the Armed Career Criminal Act, and her crimes of conviction do not qualify as violent felonies.

Failure to Disclose Exculpatory Evidence

This claim, too, is without merit. While it is not entirely clear what petitioner is asserting, she seems to say that Defense Department satellite photographs exist that would have clearly shown the roadblock over which petitioner was alleged to have presided in April of 1994. Those photographs, she says, would establish that she was not present. But there is no evidence that such photographs exist. To the contrary, the government's satellite photograph expert testified that all relevant photographs had been located and had been provided to the defense. The government's expert denied that any other photographs existed beyond what was disclosed, and the prosecution says they do not exist and so were not withheld from the defense. Petitioner refers to a possible Brady violation, Brady v. Maryland, 373 U.S. 83 (1963), but there is no evidence presented showing that at any time prior to or during trial the government was aware of any such photographs, or had custody or control of such evidence, yet failed to disclose it.

Accordingly, the Brady rule is not triggered here. See United States v. Maldonado-Rivera, 489 F.3d 60, 67 (1st Cir. 2007).

### Conclusion

As the files and records of this case conclusively show that the petitioner is entitled to no relief, the motion is denied.


Petitioner has not made a substantial showing of the denial of a constitutional right. The court, therefore, declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2)(1); Rule 11, Rules Governing Section 2255 Proceedings.


**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 30, 2017

cc: Beatrice Munyenyezi, pro se
John A. Capin, AUSA

7